IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

vs.                                                    Cr. No.  05-1735 JH

**DARRYL KILGORE,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant Darryl Kilgore's *Motion to Dismiss as Felonies Counts I and II* (Doc. No. 86).  After considering the arguments of counsel (in the motion, the response, and the reply), the facts, and the law, the Court concludes that the motion is not well taken and should be denied.

## DISCUSSION

Count I of the Superseding Indictment in this case charges Kilgore with aggravated assault with a deadly weapon in violation of N.M. Stat. Ann. § 30-3-2 and the federal Assimilative Crimes Act ("ACA"), 18 U.S.C. § 13, while Count II charges him with use or possession of a firearm during the aggravated assault, in violation of 18 U.S.C. § 924(c)(1)(A).[1]

Under 18 U.S.C. § 13(a), whoever commits an act on an Indian reservation which, although not punishable by act of Congress, would be punishable under the laws of the state in which the reservation is located, is guilty of a like offense and subject to like punishment.  Under Section 30-3-

---

[1] On  April 17, 2008, Kilgore pled guilty to Count III of the Superseding Indictment, which charged him with witness tampering in violation of 18 U.S.C. § 1512(b).

2(A), the New Mexico offense of aggravated assault requires only assault or striking at another with a deadly weapon, committed with general criminal intent. *See* N.M. Stat. Ann. § 30-3-2(A); *State v. Manus*, 93 N.M. 95, 99 (1979) (citing cases), *overruled on other grounds*, *Sells v. State*, 98 N.M. 786 (1982); *State v. Cruz*, 86 N.M. 455, 457 (Ct. App. 1974). In contrast, the federal offense of assault with a dangerous weapon, proscribed by 18 U.S.C. §113(a)(3), requires the additional element of specific intent to do bodily harm, which is not an element of the New Mexico offense. *See United States v. Boone*, 347 F. Supp. 1031, 1033 (D.N.M.1972); *Cruz*, 86 N.M. at 457. It is undisputed that Kilgore lacked the specific intent to do bodily harm to the alleged victim in this case. The federal crime of assault with a dangerous weapon carries a maximum statutory penalty of ten years of imprisonment. Under the facts of this case the only other potentially applicable federal assault crime is simple assault under 18 U.S.C. § 113(a)(5), a misdemeanor which carries a maximum statutory penalty of six months.

The ACA applies only to criminal acts or omissions "not made punishable by any enactment of Congress." 18 U.S.C. § 13(a). In his motion, Kilgore argues that the ACA does not apply because, due to the complexity and variety of the federal assault statutes, "Congress has comprehensively criminalized all the aspects of felony and misdemeanor assault as to preclude the application of state law." Doc. No. 86 at p. 2. In other words, Kilgore contends that federal law has preempted the field of criminal assault, and therefore in Count I the government improperly charged him with aggravated assault under New Mexico law.

The Court of Appeals for the Tenth Circuit rejected this argument in *United States v. Johnson*, 967 F.2d 1431 (10th Cir. 1992), a case in which the defendant, like Kilgore, was charged with aggravated assault in violation of N.M. Stat. Ann. § 30-3-2. While federal law prohibits assault

with a dangerous weapon with intent to do bodily harm; assault by striking, beating, or wounding; simple assault; and assault resulting in bodily injury, *see* 18 U.S.C. § 113(a)(3), (4), (5), and (6), the specific conduct the jury found had been committed by the defendant in *Johnson*, assault with a dangerous weapon, was not specifically addressed by 18 U.S.C. § 113. In deciding *Johnson*, the Tenth Circuit noted that the New Mexico aggravated assault statute does not require the specific intent element required by 18 U.S.C. § 113(c). *See* 967 F.2d at 1436. Therefore, the court concluded that the New Mexico statute may therefore be used to "fill a gap in the federal statute," because the precise acts for which the defendant was convicted were not covered by the federal statute. *Id.*; *se*e 18 U.S.C. § 13(a).[2]

Although Kilgore cites *Lewis v. United States*, 523 U.S. 155 (1998) in both his motion to dismiss and his reply, it does not help him under these circumstances. As the Supreme Court explained in *Lewis*, 523 U.S. at 165,

> [A] substantial difference in the kind of wrongful behavior covered (on the one hand by the state statute, on the other, by federal enactments) will ordinarily indicate a gap for a state statute to fill–unless Congress, through the comprehensiveness of its regulation, or through language revealing a conflicting policy, indicates to the contrary in a particular case. The primary question (we repeat) is one of legislative intent: Does applicable federal law

---

[2] The Court recognizes that, in *Lewis v. United States*, 523 U.S. 155, 163 (1998), the Supreme Court appeared to disapprove of a component of the *Johnson* decision when it stated that "some lower courts have said that the words 'any enactment' refer only to federal enactments that make criminal the same 'precise acts' as those made criminal by the relevant state law." The Court interprets this passage to be a criticism of the arguably imprecise language of the *Johnson* opinion (which, if taken to an extreme, would preclude the use of a federal criminal statute if it differed in any way from a state statute), rather than of the *Johnson* holding itself. Indeed, *Johnson's* holding fits squarely within the test that the Supreme Court proceeded to set out in *Lewis* as it recognizes a substantial difference between the wrongful behavior covered by N.M. Stat. Ann. § 30-3-2 and that covered by either of the applicable federal assault statutes, and it remains good law in the Tenth Circuit.

>       indicate an intent to punish conduct such as the defendant's to the
>       exclusion of the particular state statute at issue?

(internal citations omitted). Here, the Court concludes that the federal scheme has left a substantial gap between the crimes of assault with a dangerous weapon with intent to do bodily harm and simple assault, the former being a much more serious crime with both a scienter requirement and the element of use of a dangerous weapon, and the latter being a mere misdemeanor involving neither of these requirements. Indeed, the federal crime of simple assault could be completed merely through threatening to strike the victim with one's fists. Kilgore points to no evidence of any Congressional intent to punish conduct falling between the large gap created by these two extremes to the exclusion of the New Mexico statute. Accordingly, the Court concludes that the ACA applies and the government properly charged Kilgore with violation of N.M. Stat. Ann. § 30-3-2(A) in Count I of the Superseding Indictment.

Next, Kilgore argues that Count I of the Superseding Indictment is insufficient because it does not track the language of the New Mexico Uniform Jury Instructions for aggravated assault. Instead, the Indictment parallels the language of N.M. Stat. Ann. § 30-3-2(A), accusing Kilgore of "unlawfully assaulting or striking at another with a deadly weapon." The Superseding Indictment does not set forth certain additional elements included in New Mexico Uniform Jury Instruction 14-305.[3] However, the Court is unaware of, and Kilgore does not cite, any authority requiring that an indictment charge elements included in a jury instruction that are not explicitly set forth in the

---

[3] The Court also rejects Kilgore's argument that, based on the Indictment, he could not have known whether New Mexico UJI 14-304 or 14-305 applies. The title of UJI 14-304 clearly states that it applies to attempted battery with a deadly weapon amounting to an aggravated assault, and includes the element that the "defendant *tried* to touch or apply force" to the victim. In contrast, UJI 14-305 applies to "threat or menacing conduct with a deadly weapon" and clearly applies to the charged conduct in this case.

statute. The Court concludes that the Superseding Indictment is sufficient.

Finally, Count II alleges that Kilgore violated 18 U.S.C. § 924(c)(1)(A) by possessing, brandishing, or using a firearm in connection with a crime of violence "for which the person may be prosecuted in a court of the United States." Kilgore argues that Count II must be dismissed because it depends on the existence of a properly charged crime in Count I. Having found that Kilgore was properly charged in Count I with a violation of New Mexico law that may be prosecuted in this federal district court, the Court concludes that Count II should not be dismissed.

**IT IS THEREFORE ORDERED** that Defendant Darryl Kilgore's *Motion to Dismiss as Felonies Counts I and II* (Doc. No. 86) is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**